# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DE'MARIAN A. CLEMONS,

Plaintiff,

v.

BRIAN WILLIAMS SR., et al.,

Defendants.

Case No. 2:14-cv-02195-APG-NJK

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

(Dkt. #9)

Plaintiff De'Marian Clemons is incarcerated in Southern Desert Correctional Center ("SDCC"). Clemons sued SDCC warden Brian Williams, the Nevada Department of Corrections ("NDOC"), and James G. Cox, former director of NDOC. Clemons alleged that the defendants: (1) violated his Due Process rights, (2) miscalculated credits toward release to which he claims he is entitled under Nevada Revised Statute ("N.R.S.") § 209.4465, and (3) violated his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 *et seq*.

I previously dismissed the claims against defendants Cox and NDOC, but found that Clemons stated a colorable ADA claim against defendant Williams. (Dkt. #2 at 7.) Williams now moves to dismiss the ADA claim, arguing that I do not have subject-matter jurisdiction over Clemons's case because it is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Williams further argues that Clemons's failure to plead favorable termination of his conviction subjects the claim to dismissal under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, I grant Williams's motion to dismiss.

## I. BACKGROUND

Clemons is currently serving 35–156 months for battery with a deadly weapon, plus one consecutive and one concurrent sentence, each of 13–60 months, on related firearms charges. (Dkt. #17 at 2–3.) Under Nevada law, an inmate "who performs in a faithful, orderly and

peaceable manner the duties assigned . . . must be allowed . . . a deduction of 20 days from his or her sentence for each month the [inmate] serves." Nev. Rev. Stat. § 209.4465(1).  The statute allows for an additional discretionary deduction of ten days per month from an inmate's sentence for "diligence in labor and study" (i.e., work/study credits). *Id.* § 209.4465(2).  NDOC credited Clemons with 20 "good-time" credits for each month of his incarceration. (Dkt. #17 at 3.) However, Clemons asserts that he is entitled to the additional 10 discretionary work/study credits per month and that Williams denied him those credits by failing to provide work opportunities that accommodated Clemons's disability. (Dkt. #3 at 3.)  Clemons asserts that he is disabled due to chronic high blood pressure. (*Id.* at 4, 20.)

In 2013, Clemons requested to take classes toward completing his high school diploma and was placed on a waiting list. (*Id*. at 15.)  Later that year, he submitted a request to modify his work program to accommodate his high blood pressure and a recent surgery. (*Id*. at 16.)  Over the next five months, Clemons submitted seven requests to various prison officials, including two to Williams, notifying them of his physical condition, and requesting modified work assignments to accommodate his disability. (*Id.* at 17–23.)  Clemons alleges he was hired for "light duty" work, but that complications from his high blood pressure caused him to give up the assignment. (*Id.* at 8.)  Subsequently, he was declared ineligible for other jobs due to his housing status. (*Id.* at 20.) Finally, Clemons requested to be "taken off all work duties because of my medical conditions." (*Id.* at 22.)  Williams acknowledged that request, and Clemons was "removed from yard labor." (*Id.*)

Thereafter, Clemons filed a habeas corpus petition in Nevada's Eighth Judicial District Court claiming that he was entitled to work/study credits and that NDOC had miscalculated his time served by not allotting to him those credits. (Dkt. #17 at 2.)  On August 11, 2014, the state court ruled that Clemons's claim was without merit and denied his petition. (*Id.* at 3.)

On December 22, 2014, Clemons filed this lawsuit alleging that Williams violated his rights under the ADA by failing to provide a modified work program to accommodate his

2

1  disability, thereby depriving him of the opportunity to earn work/study credits toward early
2  release per N.R.S. § 209.4465. (Dkt. #3 at 3.)

## II.   ANALYSIS

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  To establish a claim under the ADA, a plaintiff must demonstrate that: "(1) []he is a qualified individual with a disability; (2) []he was excluded from participation in . . . a public entity's services, programs, or activities[;] and (3) such exclusion or discrimination was by reason of h[is] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  State prisoners enjoy ADA protections. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

Clemons alleges that he is disabled because of chronic high blood pressure. (Dkt. #3 at 4, 20.)  He asserts that he has been denied the benefit of a public program: the opportunity to earn work/study credits under N.R.S. § 209.4465. (*Id.* at 5.)  He contends that prison staff failed to provide him with work that accommodated his high blood pressure, and by so doing limited his ability to earn work/study credits. (*Id.* at 3–4.)  He also alleges he attempted to enter school, which also might have triggered the opportunity to earn work/study credits, but was refused. (*Id.* at 4.)  Clemons asserts that Williams's failure to accommodate his chronic high blood pressure constituted discrimination because of his disability. (*Id.* at 5, 8.)  Clemons claims that Williams failed to provide him with modified work assignments, and that other inmates were afforded the educational opportunities that were denied to him because of his disability. (*Id.* at 4.)

Williams moves to dismiss, arguing that I do not have subject-matter jurisdiction because Clemons's claim is barred under *Heck*.  In *Heck*, the Supreme Court held that a state prisoner may not maintain a § 1983 claim for damages if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.  Thus, to recover civil damages under § 1983 for an allegedly unconstitutional or otherwise invalid conviction or sentencing, a plaintiff must prove that the conviction or sentence has been overturned on appeal,

by executive order, by federal habeas corpus, or by an authorized state entity. *Heck*, 512 U.S. at 486–87; *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004)*; Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Following *Heck*, the Ninth Circuit has held that a plaintiff may not use § 1983 to challenge the "duration of . . . confinement by seeking a determination that he is entitled to . . . a speedier release from that imprisonment—for example, an injunction requiring prison officials to grant . . . credits that would shorten his prison term." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013) (internal quotations omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). ADA claims are treated the same as § 1983 claims when deciding whether a prisoner's case should have been brought under habeas corpus. *See Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999).

Clemons's ADA claim asserts that Williams denied him the opportunity to earn work/study credits because of his disability. If awarded, the credits to which Clemons claims to be entitled to would shorten his sentence. Thus, Clemons's ADA claim is essentially a challenge on the duration of his confinement, which is the exclusive province of habeas corpus petitions, not civil claims. *See Thornton*, 757 F.3d at 842 (holding that prisoners may challenge the "fact" or "duration" of imprisonment only through habeas proceedings); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) ("It has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of [sentence-reduction] credits must proceed in habeas corpus. . . .").

Even assuming that Clemons is not seeking an award of the work/study credits and instead is seeking only money damages, "when establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction . . . the claimant can be said to be 'attacking . . . the fact or length of . . . confinement.'" *Heck*, 512 U.S. at 481–82 (quoting *Preiser*, 411 U.S. at 490). Here, establishing his ADA claim would require proving that Clemons was denied the

opportunity to receive work/study credits that would reduce his sentence because of his disability. Such a judgment would "necessarily imply" the invalidity of his current sentence, which *Heck* prohibits. Thus, pursuant to *Heck*, for Clemons to recover damages for his ADA claim, he must first prove that his conviction or sentence has already been overturned on appeal, either by executive order, a habeas corpus petition, or by an authorized state entity. He has not done this. In fact, the record reflects that Clemons filed a habeas corpus petition in state court on this issue and was denied. (Dkt. #17 at 3.) Therefore, his ADA claim must be dismissed.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Brian Williams's motion to dismiss **(Dkt. #9) is GRANTED.**

DATED this 29th day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE